UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

UNITED STATES OF AMERICA,

    - v. -

JOSEPH PERCOCO,
    a/k/a "Herb,"
PETER GALBRAITH KELLY, JR.,
STEVEN AIELLO,
JOSEPH GERARDI,

                Defendants.

---------------------------------------------------------- X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:  2/28/2018           │
└─────────────────────────────────┘
```

16-CR-776 (VEC)

JURY INSTRUCTIONS

VALERIE CAPRONI, UNITED STATES DISTRICT JUDGE:

I.     INTRODUCTION ...................................................................................... 4

II.    GENERAL INSTRUCTIONS ................................................................ 4

    A.    ROLE OF THE COURT ............................................................... 4

    B.    ROLE OF THE JURY .................................................................. 5

    C.    ROLE OF COUNSEL / OBJECTIONS ........................................ 5

    D.    SYMPATHY OR BIAS ............................................................... 5

    E.    PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ............. 6

    F.    REASONABLE DOUBT ............................................................. 7

    G.    WHAT IS AND IS NOT EVIDENCE ......................................... 7

    H.    DIRECT AND CIRCUMSTANTIAL EVIDENCE ......................... 9

    I.    WITNESS CREDIBILITY ........................................................ 10

        1.    General Credibility ........................................................ 10

        2.    Cooperating Witness ..................................................... 10

        3.    Law Enforcement Witnesses ......................................... 11

        4.    Witness Preparation ...................................................... 11

        5.    Conclusion .................................................................... 12

    J.    BIAS OF WITNESSES ............................................................ 12

    K.    UNCALLED WITNESSES ........................................................ 13

    L.    SUMMARY CHARTS .............................................................. 13

    M.    REDACTIONS AND EXCERPTS ............................................. 13

N.  PERSONS NOT ON TRIAL ................................................................. 14

O.  DEFENDANT'S RIGHT NOT TO TESTIFY ........................................... 14

III.  **SUBSTANTIVE INSTRUCTIONS** ...................................................... **14**

A.  INDICTMENT IS NOT EVIDENCE ..................................................... 14

B.  MULTIPLE COUNTS / MULTIPLE DEFENDANTS ............................... 14

C.   TWO SEPARATE ALLEGED SCHEMES .............................................. 15

D.  THEORIES OF THE DEFENSE ........................................................... 15

E.  COUNT TWO – EXTORTION UNDER COLOR OF OFFICIAL RIGHT – THE CPV SCHEME ....................................................................................... 16

   1.  Element One – Public Official ................................................. 17

   2.  Element Two – Obtaining Property Not Legitimately Due to Public Office Holder ............................................................... 18

   3.  Element Three – Misuse of Official Position ........................... 18

   4.  Element Four – Interstate Commerce ...................................... 20

F.  COUNT ONE – CONSPIRACY TO COMMIT EXTORTION UNDER COLOR OF OFFICIAL RIGHT ............................................................................ 21

   1.  Element One – Existence of the Conspiracy ............................ 22

     (i)  Agreement ................................................................. 22

     (ii)  Illegal Goal ............................................................... 22

   2.  Element Two – Membership in the Conspiracy ...................... 22

G.  COUNTS THREE AND FOUR – CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD ..................................................................................... 24

   1.  Elements of Conspiracy .......................................................... 24

   2.  The Illegal Goal – Honest Services Wire Fraud ...................... 24

     (i)  Element One – Scheme to Defraud the Public of Honest Services ..................................................................... 25

     (ii)  Element Two – Knowing and Willful Participation in the Scheme to Defraud ................................................... 26

     (iii)  Element Three – Payment or Receipt of Bribes ........... 27

     (iv)  Element Four – Use of Interstate Wire Communications in Furtherance of the Scheme to Defraud ......................... 28

H.  COUNTS FIVE THROUGH EIGHT – SOLICITATION OR PAYMENT OF BRIBES OR GRATUITIES ................................................................................... 29

   1.  Element One – Agent of New York State ................................ 30

   2.  Element Two – State Government Received Federal Funds .................. 30

   3.  Element Three – Solicitation, Demand, Acceptance, Payment, or Offer of Something of Value ................................................... 31

|  | 4. | Element Four – Corrupt Intent | 32 |
|  |  | (i) Bribery Theory | 32 |
|  |  | (ii) Gratuity Theory | 33 |
|  | 5. | Element Five – Value of Transaction | 34 |
| I. | | COUNTS NINE AND TEN – FALSE STATEMENTS | 34 |
|  | 1. | Element One – A Statement | 35 |
|  | 2. | Element Two – Materiality | 35 |
|  | 3. | Element Three – False, Fictitious, or Fraudulent Statement | 35 |
|  | 4. | Element Four – Knowing and Willful Conduct | 36 |
|  | 5. | Element Five – Matter Within the Jurisdiction of the United States Government | 36 |
| J. | | AIDING AND ABETTING A CRIME | 37 |
| K. | | VENUE | 38 |
| L. | | DEFENSES TO INTENT | 39 |
| M. | | ACTS AND STATEMENTS OF CO-CONSPIRATORS | 39 |
| N. | | FINANCIAL DISCLOSURE FORMS, ETHICS RULES, AND CAMPAIGN CONTRIBUTIONS | 40 |
| O. | | VARIANCE IN DATES AND AMOUNTS | 41 |
| P. | | LAW ENFORCEMENT TECHNIQUES | 41 |
| **IV.** | | **FINAL INSTRUCTIONS** | **41** |
| A. | | RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT | 41 |
| B. | | NOTES | 42 |
| C. | | DUTY TO DELIBERATE / UNANIMOUS VERDICT | 43 |
| D. | | SELECTING A FOREPERSON AND THE FOREPERSON'S DUTIES | 43 |
| E. | | VERDICT FORM AND RETURN OF VERDICT | 43 |
| F. | | EXCEPTIONS | 44 |
| G. | | OATH | 44 |

1    **I.      INTRODUCTION**

2           Members of the jury, you have heard all of the evidence.  I am now going to instruct you

3    on the law that governs the case.  There are three parts to these instructions:

4           First, I will provide you with some general instructions about your role and about how

5    you are to decide the facts of the case.  These instructions would apply to just about any trial.

6           Second, I will give specific instructions about the legal rules applicable to this particular

7    case.

8           Third, I will give you instructions on the general rules governing your deliberations.

9           I will read most of this.  It's not my favorite way to communicate with a jury, but because

10   there is a need for precision, it's important that I get the words just right, and so that's why I will

11   be reading.

12          I have provided each of you with a copy of this charge.  If you find it easier to listen and

13   understand while you are reading along, please do so.  If you would prefer, you can just listen.

14   Either way, you will have a copy of the charge with you in the jury room so you can consult it if

15   you want to re-read any portion to facilitate your deliberations.  You will also have in the jury

16   room a verdict form on which to record your verdict.

17   **II.     GENERAL INSTRUCTIONS**

18          **A.      Role of the Court**

19          It is my duty to instruct you on the law, just as it has been my duty to preside over the

20   trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to

21   accept my instructions on the law and to apply them to the facts as you determine them.

22          On legal matters, you must take the law as I give it to you.  You may not substitute your

23   own notions or opinions of what the law is or ought to be.  You should not be concerned about

24   the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the

1   law may be—or should be—it would violate your sworn duty to base a verdict upon any view of

2   the law other than that which I give you.

3        If any attorney has stated a legal principle different from what I tell you, you must follow

4   my instructions.  You should not single out any particular instruction as alone stating the law.

5   You should consider my instructions as a whole as you deliberate.

6        You should not infer from anything I have said or done during this trial that I have any

7   view on the credibility of the witnesses or any view about how you should decide the case.  I

8   have no opinion as to the facts or the verdict that you should render in this case.

9        **B.    Role of the Jury**

10       You are the sole and exclusive judges of the facts.  You determine the credibility of the

11   witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever

12   reasonable inferences you decide to draw from the facts as you have determined them, and you

13   determine the weight to give the various pieces of evidence.

14       You must base your discussions and decisions solely on the evidence presented to you

15   during the trial and that evidence alone.  You may not consider or speculate on matters not in

16   evidence or matters outside the case.

17       **C.    Role of Counsel / Objections**

18       As I told you at the outset of the case, it is the duty of the attorneys to object when the

19   other side offers testimony or evidence that the attorney believes is not properly admissible.

20   Therefore, you should draw no inference if an attorney objected to evidence.  Nor should you

21   draw any inference from the fact that I might have sustained or overruled an objection.

22       **D.    Sympathy or Bias**

23       You are required to evaluate the evidence calmly and objectively, and you must be

24   completely fair and impartial.  Your verdict must be based solely on the evidence introduced at

1 this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from

2 prejudice or bias for or against either side.  Our judicial system works only if you reach your

3 verdict through a completely fair and impartial consideration of the evidence.

4   In deciding the facts of the case, it would be improper for you to consider any personal

5 feelings you may have about any party or any witness, or any other such irrelevant factor.  This

6 case must be decided by you as an action between parties of equal standing in the community

7 and of equal worth.  All parties are entitled to the same fair trial.  The Government and the

8 Defendants stand as equals before the law and are to be dealt with as equals in this Court.

9   **E.  Presumption of Innocence and Burden of Proof**

10   The Defendants—Joseph Percoco, Peter Galbraith Kelly, Jr., Steven Aiello, and Joseph

11 Gerardi—are each charged with several federal crimes about which I will instruct you shortly.

12 Please bear in mind, however, that a charge is not evidence of anything.  Each Defendant is

13 presumed innocent.

14   The Defendants have pleaded not guilty.  The Government has the burden of proving

15 each essential element of each charge as to each Defendant beyond a reasonable doubt.  If the

16 Government succeeds in meeting its burden as to a particular Defendant on a particular charge,

17 your verdict must be guilty as to that Defendant on that charge; if it fails, your verdict must be

18 not guilty as to that Defendant on that charge.  The burden of proof never shifts to the

19 Defendants.  The law presumes each Defendant to be innocent and therefore never imposes upon

20 a Defendant in a criminal case the burden or duty of calling any witness or producing any

21 evidence.

22   In other words, as to each charge, each Defendant starts with a clean slate and is

23 presumed innocent until such time, if ever, that you as a jury are satisfied that the Government

24 has proven, beyond a reasonable doubt, that he is guilty of that crime.

1       **F.**     **Reasonable Doubt**

2       The question then becomes: what is a reasonable doubt?

3       The words almost define themselves.  It is a doubt based upon reason and common sense.

4 It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a

5 doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or

6 her personal life.  Proof beyond a reasonable doubt must, therefore, be proof that is so

7 convincing that a reasonable person would not hesitate to rely upon it in making an important

8 decision.

9       Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt.  A

10 reasonable doubt is not a doubt based on caprice or whim.  Nor is it a doubt based on speculation

11 or suspicion.  Reasonable doubt is also not an excuse to avoid the performance of an unpleasant

12 duty.

13       If, after fair and impartial consideration of the evidence, you have a reasonable doubt as

14 to a Defendant's guilt as to a particular charge against him, then you must find him not guilty on

15 that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you

16 are satisfied beyond a reasonable doubt of a Defendant's guilt as to a particular charge, then you

17 must find him guilty of that charge.

18       **G.**     **What Is and Is Not Evidence**

19       I want to take a moment to describe to you what is and is not evidence in this case.  As I

20 have said, you must rely only on evidence in your deliberations.  The evidence in this case is the

21 sworn testimony of the witnesses, the exhibits, and the stipulations that were received in

22 evidence.  Other things are not evidence.

1        1.       A question by a lawyer is not evidence.  The witnesses' answers are evidence, not

2   the questions.  Similarly, documents that lawyers provided to witnesses to refresh their

3   recollections are not evidence; only the witnesses' answers are evidence.

4        2.       Arguments by lawyers are not evidence.  What the attorneys said in their

5   opening statements and in their summations was intended to help you understand the

6   evidence and to reach a verdict.  If your recollection of the facts differs from the

7   attorneys' statements, it is your recollection that controls.

8        3.       Statements that I may have made concerning the evidence are not

9   evidence.

10       4.       Testimony that has been stricken or excluded is not evidence, and it may

11   not be considered by you in rendering your verdict.

12       5.       Anything you may have seen or heard outside the courtroom is not

13   evidence.

14           Now I will discuss what is evidence.  Evidence may come in several forms:

15       1.       The sworn testimony of witnesses, regardless of who called the witness,

16   is evidence.  This is true of the witnesses' answers on both direct and cross examination.

17       2.       The exhibits that were admitted during the trial are evidence.  You will

18   recall that a number of documents were admitted not for the truth of whatever the

19   document said but for some other purpose.  During your deliberations, if you are unsure

20   whether a particular exhibit was admitted for its truth, do not hesitate to send me a note

21   asking for clarification.

22       3.       The stipulations that both parties agreed to and read during the trial are evidence.

23   You must accept as true the facts to which the parties stipulated.  Some of the stipulations were

1    about what a witness would have said if he or she had been called to testify.  You must accept as

2    true the fact that the witness would have given that testimony, but it is up to you to determine the

3    weight or importance of that testimony.

4        **H.    Direct and Circumstantial Evidence**

5        Generally, there are two types of evidence that you may consider in reaching your

6    verdict—direct and circumstantial.

7        Direct evidence is testimony by a witness about something he or she knows by virtue of

8    his or her own senses—something that he or she has done, seen, felt, touched, or heard.  For

9    example, if a witness testified that on the day in question she was in her office, and she could see

10   that it was raining all day, then that would be direct evidence about the weather on that day.

11       Circumstantial evidence is evidence of one fact from which you may infer the existence

12   of other facts.  For example, assume that a witness testified that his office does not have a

13   window.  On the day in question, however, he saw numerous people coming into the office with

14   wet raincoats and carrying dripping umbrellas.  That testimony about the wet raincoats and

15   dripping umbrellas is circumstantial evidence that it was raining that day.  So even though you

16   have no direct evidence regarding the weather, you have circumstantial evidence that it was

17   raining.

18       With circumstantial evidence, you must be careful to draw reasonable inferences that

19   reflect all of the evidence.  For example, if you live in the city and wake up in the morning and

20   see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last

21   night.  Instead, a more reasonable inference is that the building staff has hosed down the

22   sidewalk.

23       That is all there is to circumstantial evidence.  You infer on the basis of reason and

24   common sense from one fact (in my first example, dripping raincoats and umbrellas) the

1  existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial

2  evidence is presented, it is of no less weight than direct evidence.

3       **I.**     **Witness Credibility**

4          **1.**     **General Credibility**

5       You have had the opportunity to observe the witnesses.  You are the sole judges of the

6  credibility of each witness and of the importance of his or her testimony.  Decide what testimony

7  to believe and what not to believe.  Consider: each witness's demeanor and manner of testifying;

8  the witness's opportunity to see, hear, and know about the events described; the witness's ability

9  to recall and describe those things; and the reasonableness of the testimony in light of all the

10  other evidence in the case.  Consider whether part of a witness's testimony was contradicted or

11  supported by other testimony, by what the witness said or did on a prior occasion, by the

12  testimony of other witnesses, or by other evidence.

13       If you find that a witness has willfully testified falsely as to an important matter, you may

14  disregard the witness's entire testimony, or you may accept as much of the testimony as you find

15  to be true and disregard what you find to be false.  A witness may have been mistaken or may

16  have lied in part of his or her testimony while having been accurate and truthful in other parts.

17          **2.**     **Cooperating Witness**

18       You have heard from a cooperating witness, Todd Howe, and heard evidence about his

19  Cooperation Agreement with the Government.  The Government is permitted to enter into these

20  kinds of agreements and is entitled to call cooperating witnesses.  You may convict a Defendant

21  on the basis of such a witness's testimony alone, if you find that the testimony proves the

22  Defendant's guilt beyond a reasonable doubt.

23       Because Mr. Howe is a cooperating witness, however, you should examine his testimony

24  with great care and caution.  You should look at all of the evidence and decide what credence

1   and what weight, if any, to give to his testimony.  You should ask yourselves whether he would

2   benefit more by lying or by telling the truth.  Did Mr. Howe believe that his interests would be

3   best served by testifying truthfully or falsely?  If you believe that Mr. Howe was motivated by

4   hope of personal gain, was the motivation one that would cause him to lie, or was it one that

5   would cause him to tell the truth?  Did this motivation color his testimony?

6           You also heard testimony that Mr. Howe pled guilty to certain crimes that are related to

7   the allegations in this case.  You are not permitted to draw conclusions or inferences of any kind

8   about the guilt of any of the Defendants on trial from the fact that Mr. Howe pled guilty.

9   Mr. Howe's decision to plead guilty was a personal decision by him about his own guilt.  It may

10   not be used by you in any way as evidence against any of the Defendants on trial.

11                    **3.      Law Enforcement Witnesses**

12          You have also heard the testimony of law enforcement witnesses.  The fact that a witness

13   is employed as a law enforcement official or government employee does not mean that his or her

14   testimony is deserving of more or less consideration, or greater or lesser weight, than that of a

15   witness who is not employed by law enforcement.

16                    **4.      Witness Preparation**

17          You have heard evidence during the trial that witnesses have discussed the facts of the

18   case and their testimony with the Government before the witnesses appeared in court.  Although

19   you may consider that fact when you are evaluating a witness's credibility, there is nothing

20   unusual or improper about a witness meeting with lawyers before testifying so that the witness

21   can be aware of the subjects he or she will be questioned about, focus on those subjects, and have

22   the opportunity to review relevant exhibits before being questioned about them.  Such

23   consultation helps conserve your time and the Court's time.

1           **5.**        **Conclusion**

2         Going back to witnesses generally, you should consider whether a witness had an

3 opportunity to observe the facts he or she testified about.  You should also consider whether the

4 witness's recollection of the facts stands up in light of the other evidence in the case.  In other

5 words, what you must try to do in deciding credibility is to size up a person just as you would in

6 any important matter in your own life where you are trying to decide if a person is truthful,

7 straightforward, and accurate in his or her recollection.

8        **J.**        **Bias of Witnesses**

9         In deciding whether to believe a witness, you should specifically note any evidence of

10 hostility or affection that the witness may have had for or against a Defendant.  Likewise, you

11 should consider evidence of any other interest or motive that the witness may have had in

12 cooperating with or helping either party.

13         It is your duty to consider whether the witness has permitted any such bias or interest to

14 color his or her testimony.  If you find that a witness is biased, you should view his or her testimony

15 with caution, weigh it with care, and subject it to close and searching scrutiny.

16         Of course, the mere fact that a witness is interested in the outcome of the case does not

17 mean the witness has not told the truth.  It is for you to decide from your observations, applying

18 your common sense and experience, and all the other considerations mentioned, whether the

19 possible interest of a witness has intentionally or otherwise colored or distorted the witness's

20 testimony.  You are not required to believe or disbelieve an interested witness; you may accept

21 as much of the testimony as you deem reliable and reject as much as you deem unworthy of

22 belief.

1      **K.      Uncalled Witnesses**

2            There are several persons whose names you have heard during the course of the trial who

3      did not testify.  I instruct you that each party had an equal opportunity or lack of opportunity to

4      call these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

5      to what such witnesses would have said had they been called.  Their absence should not affect

6      your judgment in any way.

7            You should, however, remember that the law does not impose on a Defendant in a

8      criminal case the burden or duty of calling any witnesses or producing any evidence because the

9      burden of proof is always on the Government.

10     **L.      Summary Charts**

11           Some of the exhibits admitted into evidence were in the form of charts and summaries.

12     These exhibits purport to summarize the underlying evidence that was used to prepare them.

13     They are not better evidence than the testimony or the documents upon which they are based.  I

14     decided to admit these charts and summaries in order to save time.  You should consider these

15     charts and summaries as you would any other evidence.

16           There have also been a number of documents that were shown to you but not themselves

17     admitted into evidence.  Those exhibits were shown to you to make the evidence more

18     meaningful and to aid you in considering the evidence.  They are not, however, evidence in

19     themselves and will not be sent into the jury room.  They are merely graphic demonstrations of

20     underlying evidence.

21     **M.      Redactions and Excerpts**

22           Among the exhibits admitted into evidence were documents that were redacted.

23     "Redacted" means that part of the document was removed or blacked out.  You are to concern

24     yourself only with the part of the item that has been admitted into evidence.  You should not

1    consider any possible reason why the remainder has been redacted or speculate as to what may

2    have been redacted that was not introduced into evidence.

3    **N.    Persons Not on Trial**

4           Some of the people who may have been involved in the events at issue in this trial are not

5    on trial.  You may not draw any inference, favorable or unfavorable, toward the Government or

6    the Defendants from the fact that persons other than the Defendants were not named as

7    Defendants in the Indictment.  In addition, you may not speculate as to the reasons why such

8    persons are not Defendants in this trial.  Those matters are wholly outside your concern and have

9    no bearing on your function as jurors.

10   **O.    Defendant's Right Not to Testify**

11          Under our Constitution, a Defendant has no obligation to testify or to present any

12   evidence, because it is the Government's burden to prove a Defendant's guilt beyond a

13   reasonable doubt.  A Defendant is never required to prove that he is not guilty.

14          In this case, no Defendant testified.  You must not attach any significance to that fact.

15   You may not draw any adverse inference against any Defendant because he did not testify, and

16   you may not consider it against any Defendant in any way during your deliberations.

17   **III.    SUBSTANTIVE INSTRUCTIONS**

18   **A.    Indictment is Not Evidence**

19          The Defendants are charged in an Indictment.  Each charge is called a "count."  You will

20   have the Indictment with you in the jury room, but the Indictment itself is not evidence of

21   anything.  It is merely a set of accusations.

22   **B.    Multiple Counts / Multiple Defendants**

23          The Indictment contains ten counts.  Each count has a number, but there is no

24   significance to the order of the counts or the number of counts charged.  Each count charges at

1    least one Defendant with a crime, but not every Defendant is charged in every count.  You must

2    consider each count and each Defendant separately.  You will be required to return a separate

3    verdict for each Defendant on each count in which he is charged.

4           In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict

5    as to each Defendant must be determined separately with respect to him, solely on the evidence

6    (or lack of evidence) presented against him, without regard to the guilt or innocence of anyone

7    else.  Your verdict as to any Defendant on any count should not control your decision as to any

8    other Defendant or any other count.

9           **C.      Two Separate Alleged Schemes**

10          As I have instructed you throughout the trial, the Indictment alleges two separate

11   schemes: one involving Competitive Power Ventures ("CPV") and one involving COR

12   Development.  Mr. Percoco is charged in both schemes.  Mr. Kelly is charged only in the alleged

13   CPV scheme, and Messrs. Aiello and Gerardi are charged only in the alleged COR Development

14   scheme.

15          Remember that some of the evidence in this case was admitted solely to prove the CPV

16   scheme, and some of the evidence was admitted solely to prove the COR Development scheme.

17   Other evidence was admitted to prove both schemes.  The evidence that was admitted solely to

18   prove the COR Development scheme may not be considered against Mr. Kelly, and the evidence

19   that was admitted solely to prove the CPV scheme may not be considered against Messrs. Aiello

20   and Gerardi.

21          **D.      Theories of the Defense**

22          It is Mr. Percoco's theory of defense that he acted at all times in good faith.  With respect

23   to the alleged CPV scheme, Mr. Percoco asserts that the job and wages that CPV gave to Lisa

24   Percoco were given solely to cultivate goodwill and to nurture a relationship with him and were

1   not part of a quid pro quo for any official action he might take.  Mr. Percoco's theory is that none

2   of his conduct relative to CPV amounted to official action.

3        With respect to the alleged COR Development scheme, it is Mr. Percoco's theory of

4   defense that he was not a state official, an agent of the Government of the State of New York, or

5   a person with any intent to return to state employment when he received payments from COR

6   Development.  His further theory is that the payments from COR Development were neither a

7   reward for official action nor part of a quid pro quo for official action.

8        It is Mr. Kelly's theory of the defense that he acted in good faith at all times.  With

9   respect to hiring Lisa Percoco, Mr. Kelly's theory of defense is that he hired her because he

10  wanted to develop CPV Educates and as a favor to his friend, Mr. Percoco, and that Mr. Kelly

11  had approval to do so from New York State and from CPV.  Mr. Kelly's theory of defense is that

12  the hiring was not part of a quid pro quo arrangement; that he never sought any official action

13  from Mr. Percoco in exchange for the hiring of his wife; and that he did not understand Mr.

14  Percoco to have the ability to take official action that would benefit CPV.

15       Messrs. Aiello and Gerardi's defense is that they hired Mr. Howe as a government

16  relations consultant who would advocate on their behalf to New York State government officials

17  and who would develop business opportunities.  Their theory of defense is also that they did not

18  hire or pay Mr. Percoco.

19       Remember, although the Defendants have argued these theories as defenses, they have no

20  burden to prove anything—the burden of proof always remains with the Government.

21  **E.    Count Two – Extortion Under Color of Official Right – The CPV Scheme**

22       As I indicated, the order of the counts in the Indictment is not important.  To that end, my

23  instructions will start with Count Two, and then I will back up to Count One.  In Count Two, the

16

1    Government charges Mr. Percoco with extortion under color of official right in connection with

2    the CPV scheme.

3            As commonly used, the term "extortion" means coercing someone to give up property as

4    the result of threats of force or violence.  Extortion under color of official right is a little

5    different.  Extortion under color of official right occurs when a person uses his position as a

6    public official to obtain property from another that is not legitimately due to him.

7            To sustain its burden of proof on Count Two, the Government must prove, beyond a

8    reasonable doubt:

9            First, that Mr. Percoco was a public official;

10           Second, that Mr. Percoco obtained property not legitimately due to him as a public

11   official;

12           Third, that the property was voluntarily given to Mr. Percoco because of Mr. Percoco's

13   official position, that Mr. Percoco knew that the property was given because of his official

14   position, and that the property was given as part of a quid pro quo; and

15           Fourth, that interstate commerce or an item moving in interstate commerce was delayed,

16   obstructed, or affected in some way or degree.

17                   **1.      Element One – Public Official**

18           The first element is that Mr. Percoco was a public official at the time of the offense.  The

19   term "public official" means a person who holds an official position within the government.  It

20   includes government employees who are neither elected nor appointed, such as assistants, aides,

21   or advisors to elected officials.

17

### 2. Element Two – Obtaining Property Not Legitimately Due to Public Office Holder

The second element is that Mr. Percoco obtained property that was not legitimately owed to the public office that he occupied.  The term "property" includes money and tangible and intangible things of value that are capable of being transferred or given from one person to another.

The Government does not have to prove that the property was given to Mr. Percoco directly or that the property personally benefited Mr. Percoco.  It is sufficient for this element that Mr. Percoco obtained the property for himself or for a third party.

### 3. Element Three – Misuse of Official Position

The third element is that Mr. Percoco used the authority of his public office to obtain the property and that the property was given at least in part because of Mr. Percoco's official position.

This element requires the existence of a quid pro quo.  Quid pro quo is Latin, and it means "this for that" or "these for those."  To prove a quid pro quo, the Government must prove that Mr. Percoco obtained the property to which he was not entitled by his public office, knowing that it was given in exchange for official acts as the opportunities arose.  The Government must also prove that the party giving the property was motivated, at least in part, by the expectation that, as a result of the payment, Mr. Percoco would, as opportunities arose, perform official acts for the benefit of that party, and that Mr. Percoco was aware of that party's motivation.

The Government does not need to prove that Mr. Percoco could or actually did perform any official act on behalf of the extorted party or that, but for the payment, the state would have made a different decision or taken different action on a particular issue.

18

1          It is not necessary that the quid pro quo be stated expressly or explicitly.  A quid pro quo

2   can be implied from words and actions, so long as you find, beyond a reasonable doubt, that

3   Mr. Percoco intended there to be a quid pro quo—meaning that he understood that property was

4   being given in exchange for the promise or performance of official action.  The "in exchange

5   for" requirement is not satisfied simply because a thing of value is followed by an official act;

6   the thing of value must be given to procure the official act.  You may, however, consider the fact

7   that an official act followed a payment in determining whether the payment was made in

8   exchange for the official act.

9          This element can be satisfied even if the extorted party initiated the payment and even if

10  the extorted party and Mr. Percoco had a friendly relationship.  If you find either to be the case,

11  however, each is a factor that you may consider in deciding whether the extorted party was

12  motivated, at least in part, to give property because of a belief that Mr. Percoco would take

13  official action as opportunities arose in exchange for the property, rather than for some other

14  entirely innocent reason.

15         The Government must prove that the promise or performance of official action was at

16  least part of the motivation for the extorted party to give over the property.  To that end, if you

17  find that Mr. Percoco understood that the property at issue was given solely to cultivate goodwill

18  or to nurture a relationship with the person or entity that gave the property, and not in exchange

19  for the promise or performance of official action, then this element will not have been proven.

20         I have mentioned several times that this count involves payments in exchange for

21  "official action."  The natural question then arises, what is "official action"?  An "official act" or

22  "official action" is a decision or action on a specific matter that may be pending or may by law

23  be brought before a public official.

1  An official act must involve a decision, an action, or an agreement to make a decision or

2 to take action.  The decision or action may include using one's official position to exert pressure

3 on or to order another to perform an official act.  It may also include using one's official position

4 to provide advice to another, knowing or intending that such advice will form the basis for an

5 official act by another.

6  The decision or action must be made on a question or matter that involves a formal

7 exercise of governmental power.  That means that the question or matter must be specific,

8 focused, and concrete—for example, the kind of thing that could be put on an agenda and then

9 checked off as complete.  It must be something that may by law be brought before a public

10 official or may, at some time, be pending before a public official.

11  In order to be "official action," the decision or action must be more than just setting up a

12 meeting, consulting with an official, organizing an event, or expressing support for an idea.

13 Without more, those activities do not constitute "official action."  That is not to say that sort of

14 activity is not relevant.  Such activity may be evidence of an agreement to take official action or

15 of using one's official position to exert pressure on or to order another to take official action.

16 Such activity could also be evidence of an agreement to provide advice to another, knowing or

17 intending that such advice will form the basis for an official act by someone else.  Standing

18 alone, however, setting up a meeting, consulting with an official, organizing an event, or

19 expressing support for an idea does not constitute "official action."

20  You will hear the term "official act" or "official action" throughout my instructions in

21 Counts One through Eight.  This definition applies in each of those counts.

22   **4.**  **Element Four – Interstate Commerce**

23  The fourth element is that Mr. Percoco's actions affected or could affect interstate

24 commerce in some way or degree.  For this element, you must determine whether there was an

1  actual or potential effect on commerce between any two or more states or between a state and the

2  District of Columbia.  "Commerce between two or more states" just means that items are bought

3  and sold by entities located in different states.

4        It is not necessary for the Government to prove that commerce actually was affected by

5  Mr. Percoco's conduct or that Mr. Percoco intended or anticipated that his actions would affect

6  interstate commerce.  It is sufficient for you to find that Mr. Percoco's conduct possibly or

7  potentially could have affected interstate commerce.  The Government only needs to prove a

8  very slight or subtle actual or potential effect on interstate commerce.

9        This element is also proven if the natural consequence of Mr. Percoco's actions was an

10  actual or potential effect on interstate commerce.

11        If you find that all of the required elements for extortion under color of official right have

12  been proven, beyond a reasonable doubt, with respect to the CPV scheme, then you must find

13  Mr. Percoco guilty of Count Two.  On the other hand, if you find that any element has not been

14  proven, then you must find Mr. Percoco not guilty of this charge.

15        **F.**      **Count One – Conspiracy to Commit Extortion Under Color of Official Right**

16        Now let's go back to Count One, which charges Mr. Percoco with conspiracy to commit

17  extortion under color of official right.  In order to sustain its burden of proof on this charge, the

18  Government must prove the following two elements beyond a reasonable doubt:

19        <u>First</u>, that the charged conspiracy existed; and

20        <u>Second</u>, that Mr. Percoco knowingly and intentionally became a member of the

21  conspiracy with the intent to accomplish its unlawful purpose.

1             **1.**       **Element One – Existence of the Conspiracy**

2        The first element is the existence of a conspiracy, the goal of which was to commit

3 extortion under color of official right.  This element has two parts: (a) an agreement and (b) an

4 illegal goal.

5                 **(i)**       **Agreement**

6        Starting with the first part of Element One: a conspiracy is just an agreement.  To meet its

7 burden of proof on this element, the Government must prove that there was an agreement

8 between two or more people to engage in extortion under color of official right.

9        The Government is not required to prove that two or more people sat around a table and

10 entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to

11 violate the law and spelling out who would do what in order to carry out the unlawful project.  It

12 is enough if two or more people, in some way or manner, expressly, impliedly, or tacitly, came to

13 an understanding to violate the law.

14                 **(ii)**       **Illegal Goal**

15        The second part of Element One is an illegal goal.  The Government alleges that the goal

16 of this conspiracy was to commit extortion under color of official right by obtaining property

17 from CPV and COR Development.  I instructed you on the elements of extortion under color of

18 official right in connection with Count Two, and those instructions apply to this part of Element

19 One.  Because Count One charges a conspiracy, the Government does not have to prove that

20 anyone actually committed extortion under color of official right; it need only prove that there

21 was an agreement to do so.

22             **2.**       **Element Two – Membership in the Conspiracy**

23        If you conclude that the Government has established that the charged conspiracy existed,

24 then you must consider whether the Government has proven that Mr. Percoco knowingly and

1    intentionally joined the conspiracy with an awareness of the generally unlawful nature of the

2    conspiracy.

3         An act is done "knowingly" and "intentionally" if it is done deliberately and

4    purposefully, rather than the product of mistake, accident, mere negligence, or some other

5    innocent reason.

6         It is not necessary that Mr. Percoco was fully informed of all of the details of the

7    conspiracy or knew all of its participants.  He need only have known one other member of the

8    conspiracy and one of its unlawful goals.  He could have joined the conspiracy at any time and

9    need not have received any benefit in return.

10        I want to caution you, however, that mere association or friendship with a conspirator

11   does not make that person a member of the conspiracy, even if he knows that the conspiracy

12   exists.  In other words, knowledge and association are not enough; rather, to satisfy this element,

13   you must find that Mr. Percoco intentionally participated in the conspiracy with the purpose of

14   helping to achieve an unlawful goal.

15        If you find that all of the required elements of conspiracy to commit extortion under color

16   of official right have been proven, beyond a reasonable doubt, then you must find Mr. Percoco

17   guilty on Count One.  On the other hand, if you find that any element has not been proven, then

18   you must find Mr. Percoco not guilty on Count One.

19        If you find Mr. Percoco guilty of Count One, you must specify on your verdict form

20   whether you found that the illegal goal of the conspiracy was to commit extortion under color of

21   official right by obtaining payments from (a) CPV, (b) COR Development, or (c) both.  You may

22   find Mr. Percoco guilty based on either goal (or both goals), but you must be unanimous as to at

23   least one goal.

1    **G.    Counts Three and Four – Conspiracy to Commit Honest Services Wire**
2    **Fraud**

3        **1.    Elements of Conspiracy**

4        Counts Three and Four charge conspiracy to commit honest services wire fraud.  Count

5    Three charges Messrs. Percoco and Kelly with conspiracy relative to the alleged CPV scheme;

6    Count Four charges Messrs. Percoco, Aiello, and Gerardi with conspiracy relative to the alleged

7    COR Development scheme.

8        As to Counts Three and Four, the Government must prove, beyond a reasonable doubt as

9    to each alleged conspiracy:

10       First, that the charged conspiracy existed; and

11       Second, that the Defendant knowingly and intentionally became a member of the

12   conspiracy with the intent to accomplish its unlawful purpose.

13       I have just charged you on these elements in connection with Count One, and those

14   instructions apply here as well.  The difference between Count One and Counts Three and Four

15   is the goal of the conspiracy.  As to Counts Three and Four, the Government charges that the

16   goal of the conspiracy was to commit honest services wire fraud.

17       **2.    The Illegal Goal – Honest Services Wire Fraud**

18       Honest services wire fraud involves a scheme to defraud the public of its right to a

19   person's honest services.  It has four elements:

20       First, the existence of a scheme to defraud the State of New York and its citizens of their

21   intangible right to Mr. Percoco's honest services;

22       Second, that the Defendant knowingly and willfully participated in the scheme to defraud

23   with knowledge of its fraudulent nature and with a specific intent to defraud;

24       Third, that the scheme involved the payment or receipt of bribes; and

1    <u>Fourth</u>, that interstate wire communications were used in furtherance of the scheme to

2    defraud.

3                 **(i)**       **Element One – Scheme to Defraud the Public of Honest**
4                                           **Services**

5    The first element of honest services wire fraud is a scheme or artifice to defraud the State

6    of New York and its citizens of their intangible right to Mr. Percoco's honest services.  This

7    element has two parts:  first, that Mr. Percoco owed the public a right to his honest services, and,

8    second, the existence of a scheme to defraud the public of those honest services.

9    As to the first part of this element, "honest services" are the duties that a person owes to

10    the public because of a special trust that the public has reposed in the person.  When a person

11    obtains a payment in exchange for official action, that person has breached his duty of honest

12    service.  This is because, although the person is outwardly purporting to be exercising

13    independent judgment on behalf of the public, in fact, the person's actions have been paid for.

14    Thus, the public is not receiving what it expects and what it is entitled to, namely, its right to the

15    person's honest and faithful services.

16    While Mr. Percoco was employed by the state, he owed the public a duty of honest

17    services by virtue of his official position.  A person does not need to have a formal employment

18    relationship with the state in order to owe a duty of honest services to the public, however.  You

19    may find that Mr. Percoco owed the public a duty of honest services when he was not a state

20    employee, if you find that during that time he owed the public a fiduciary duty.  To determine

21    whether Mr. Percoco owed the public a fiduciary duty when he was not employed by the state,

22    you must determine, first, whether he dominated and controlled any governmental business and,

23    second, whether people working in the government actually relied upon him because of a special

24    relationship that he had with the government.  Both factors must be present for you to find that

1     he owed the public a fiduciary duty.  Mere influence and participation in the processes of

2     government, standing alone, are not enough to impose a fiduciary duty.  Whether Mr. Percoco

3     owed the public a fiduciary duty and, thus, a duty of honest services, when he was not a public

4     employee is a question of fact for you to determine.  As noted before, however, as a matter of

5     law, he owed the public a duty of honest services while he was employed by the state.

6         Turning to the second part of this element, a "scheme or artifice" is simply a plan to

7     accomplish some goal.  For ease of reference, I am going to just use the term "scheme."

8         A scheme to defraud is a scheme that makes false representations regarding material facts

9     if the falsity is reasonably calculated to deceive persons of average prudence.  A representation is

10     "false" if it is untrue when made and was known at the time to be untrue by the person making

11     the representation or causing it to be made.  A fact is "material" if the fact is one that would

12     reasonably be expected to be of concern to a reasonable and prudent person in making a

13     decision.  Deceitful statements of half-truths or the concealment of material facts may also

14     constitute false representations under the law.

15         It is not necessary for the Government to prove that the State of New York or its citizens

16     actually suffered any pecuniary loss from this scheme.  And it is not necessary for the

17     Government to prove that the Defendants realized any gain from it.  It is sufficient for the

18     Government to prove that the State of New York and its citizens did not receive the honest and

19     faithful services of Mr. Percoco.

20            **(ii)**      **Element Two – Knowing and Willful Participation in the**
21                       **Scheme to Defraud**

22         The second element of honest services wire fraud is that the Defendant participated in the

23     scheme to defraud knowingly, willfully, and with a specific intent to defraud the State of New

24     York and its citizens of their intangible right to Mr. Percoco's honest services.

1    As I have previously instructed you, "knowingly" means to act voluntarily and

2    deliberately, rather than mistakenly or inadvertently.  "Willfully" means to act purposely, with an

3    intent to do something the law forbids—that is to say, with a bad purpose either to disobey or to

4    disregard the law.  "Intent to defraud" means to act knowingly and with the specific intent to

5    deceive for the purpose of depriving another of the intangible right of honest services.

6    Because intent to defraud is an element of honest services fraud, it follows that good faith

7    on the part of a Defendant is a complete defense to the charge.  The Defendants, however, have

8    no burden to establish good faith.  The burden is on the Government to prove fraudulent intent

9    beyond a reasonable doubt.

10    **(iii)    Element Three – Payment or Receipt of Bribes**

11    The third element of honest services wire fraud is that Mr. Kelly (as to Count Three) and

12    Messrs. Aiello and Gerardi (as to Count Four) paid, and Mr. Percoco accepted (as to both

13    counts), bribes as part of the scheme to defraud.

14    In this context, a bribe is anything of value that is provided in exchange for the promise

15    or performance of official action.  "Official action" has a specific meaning that I instructed you

16    on earlier.  That instruction applies here, as well.

17    To satisfy this element, the Government must prove the existence of a quid pro quo.  I

18    have previously explained what a quid pro quo is, and that explanation applies here as well.

19    The Government must prove that a payment was made to or a benefit was conferred on

20    Mr. Percoco; that the payer intended the payment or benefit to be in exchange for official actions

21    as the opportunity arose; and that Mr. Percoco was aware of that intent.  The Government does

22    not have to prove that there was an express or explicit agreement that any particular official

23    action would be taken, and it does not matter who initiated the payments, so long as the

1   payments were intended, at least in part, to be in exchange for official action as the opportunities

2   arose.

3          The Government also does not have to prove that Mr. Percoco actually performed any

4   specific official act on behalf of the party providing the thing of value, so long as the parties

5   agreed that he would do so.

6          Furthermore, the thing of value need not have been provided directly or indirectly to

7   Mr. Percoco; it could have been provided to a third party at Mr. Percoco's request or with his

8   agreement.

9                    **(iv)    Element Four – Use of Interstate Wire Communications in**
10                   **Furtherance of the Scheme to Defraud**

11         The final element of honest services wire fraud is that interstate wire communications

12   were used in furtherance of the scheme to defraud.  The wire communication, such as a

13   telephone call, fax, e-mail, text message, or bank transfer of money, must pass between two or

14   more states or between a state and the District of Columbia.  The wire communication need not

15   itself be fraudulent, but the Government must prove that the wire communication was used in

16   some way to further or advance the scheme to defraud.  It is not necessary for the Defendant to

17   be directly or personally involved in the wire communication, as long as the communication was

18   reasonably foreseeable in the execution of the scheme to defraud.

19         Because Counts Three and Four charge conspiracy, the Government does not have to

20   prove that anyone actually committed honest services wire fraud; it need only prove that there

21   was a conspiracy to do so.

22         If you find that all of the required elements of conspiracy to commit honest services wire

23   fraud have been proven, beyond a reasonable doubt, as to a particular Defendant, then you must

24   find that Defendant guilty of that charge.  On the other hand, if you find that any element has not

1  been proven as to a particular Defendant, then you must find that Defendant not guilty of that

2  charge.

3       **H.        Counts Five Through Eight – Solicitation or Payment of Bribes or Gratuities**

4       Counts Five through Eight charge the Defendants with soliciting or paying bribes or

5  gratuities in connection with a federally funded program.

6       Counts Five and Six charge Mr. Percoco with soliciting or accepting bribes or gratuities.

7  Count Five relates to the alleged CPV scheme, while Count Six relates to the alleged COR

8  Development scheme.

9       Count Seven charges Mr. Kelly with offering or paying bribes or gratuities in connection

10  with the alleged CPV scheme.  Count Eight charges Messrs. Aiello and Gerardi with the same

11  offense in connection with the alleged COR Development scheme.  Because Counts Five through

12  Eight all charge a violation of the same statute, I will instruct you on all four counts together.

13       To satisfy its burden of proof on these counts, the Government must prove, beyond a

14  reasonable doubt, the following five elements:

15       First, that Mr. Percoco was an agent of New York State;

16       Second, that, within a one-year period, the New York State government received federal

17  benefits in excess of $10,000;

18       Third, as to Counts Five and Six, that Mr. Percoco solicited, demanded, accepted, or

19  agreed to accept something of value from another person; or, as to Counts Seven and Eight, that

20  Messrs. Kelly, Aiello, or Gerardi gave, offered, or agreed to give something of value to

21  Mr. Percoco;

22       Fourth, that the Defendant acted with corrupt intent; and

23       Fifth, that the value of the business or transaction to which the payment related was at

24  least $5,000.

1        **1.      Element One – Agent of New York State**

2        The first element that the Government must prove is that Mr. Percoco was an agent of

3    New York State during the relevant offense.

4        An "agent" is a person who is authorized to act on behalf of a state government.  People

5    who are employees, partners, directors, officers, managers, or representatives are all "agents" of

6    the state.  Unlike the concept of a "public official," which I discussed in connection with Count

7    Two, it is not necessary for a person to be a government employee in order to be an "agent" of

8    the state.  The relevant consideration is whether the person exercises responsibility or control

9    within the state government, as long as the person is authorized to act on behalf of that

10   government.

11       **2.      Element Two – State Government Received Federal Funds**

12       The second element is that the New York State government received federal benefits in

13   excess of $10,000 within a continuous one-year period.  That one-year period must begin no

14   more than 12 months before the Defendant committed the offense and end no more than 12

15   months after he committed the offense.

16       To prove this element, the Government must establish that the New York State

17   government received, during that one-year period, benefits in excess of $10,000 under a federal

18   program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal

19   assistance.

20       It is not necessary for the Government to prove that any Defendant had any authority

21   over the federal benefits.  Nor does the Government have to prove any nexus between the alleged

22   unlawful payments and the federal funding that New York State allegedly received.

1
2

      3.      **Element Three – Solicitation, Demand, Acceptance, Payment, or Offer of Something of Value**

3      The third element of Counts Five and Six is that Mr. Percoco solicited, demanded,

4      accepted, or agreed to accept something of value for himself or for another person.  The statute

5      makes no distinction between soliciting, demanding, accepting, or agreeing to accept a thing of

6      value.  Accepting or agreeing to accept a payment is just as much a violation of the statute as

7      soliciting or demanding a payment.

8      For Counts Seven and Eight, the third element is that Messrs. Kelly, Aiello, or Gerardi

9      offered, gave, or agreed to give something of value to another person.  The statute makes no

10     distinction between giving, offering, or agreeing to give a thing of value.

11     For all four counts, this element must be satisfied (i) when Mr. Percoco was an agent of

12     New York State and (ii) during the one-year period described in Element Two.

13     It is not necessary that the payment have been made directly to Mr. Percoco.  Rather, it is

14     sufficient that the payment was made to a third party at Mr. Percoco's direction or for

15     Mr. Percoco's benefit.

16     Part of Messrs. Percoco's and Kelly's defenses to the alleged CPV scheme is that the

17     payments from CPV to Lisa Percoco were bona fide salary or wages paid to her in the usual

18     course of CPV's business.  Part of Mr. Percoco's defense to the alleged COR Development

19     scheme is that the payments he received in 2014 were bona fide compensation paid in the usual

20     course of business.

21     The payment or "thing of value" required by this element does not include bona fide

22     salary, wages, fees, or other compensation paid in the usual course of business.  That said, if you

23     find that the payments at issue were made, at least in part, in exchange for the promise or

24     performance of official action or as a reward for official action by Mr. Percoco, then the

31

1    payments at issue were not bona fide salary, wages, fees, or other compensation, even if you find

2    that some work was performed in exchange for the payment.  It is a question of fact for you to

3    determine whether the payments were entirely bona fide salary or wages paid in the usual course

4    of business or were, in any part, a bribe disguised as wages or salary.  As with all elements, the

5    burden of proof is on the Government to prove this element.

6                    **4.    Element Four – Corrupt Intent**

7         The fourth element is that the Defendant acted with corrupt intent when (as to Counts

8    Five and Six) he solicited, demanded, accepted, or agreed to accept a thing of value, or when (as

9    to Counts Seven and Eight) he gave, offered, or agreed to give a thing of value.

10        To act with corrupt intent means to act voluntarily and intentionally with an improper

11   motive or purpose to influence or reward a state agent (or, for a state agent, to be influenced or

12   rewarded) in connection with some business or transaction of the New York State government.

13   This involves conscious wrongdoing or a bad or evil state of mind.  Additionally, it involves the

14   violation of some duty owed to the government or to the public in general.  The party giving a

15   thing of value may have a different intent from the party receiving it.  Therefore, you must

16   decide the intent of the giver separately from the intent of the recipient.

17        There is an important distinction between the intent to be "influenced" and the intent to

18   be "rewarded," although each is a theory under which the Government can satisfy its burden of

19   proof on this element.  The intent to be influenced is known as a bribery theory.  The intent to be

20   rewarded is known as a gratuity theory.

21                    **(i)    Bribery Theory**

22        To satisfy its burden of proof under a bribery theory, the Government must prove that the

23   Defendant's corrupt intent involved a quid pro quo.  I have previously explained what a quid pro

24   quo is, and that explanation applies here as well.  Thus, as to Counts Five and Six, under the

1 bribery theory, the Government must prove that Mr. Percoco solicited, demanded, accepted, or

2 agreed to accept a thing of value in exchange for the promise or performance of official action.

3 As to Counts Seven and Eight, under the bribery theory, the Government must prove that Messrs.

4 Kelly, Aiello, or Gerardi gave, offered, or agreed to give a thing of value in exchange for the

5 promise or performance of official action.

6       **(ii)**  **Gratuity Theory**

7    To satisfy its burden of proof under a gratuity theory, the Government need not prove that

8 a quid pro quo was part of the Defendant's corrupt intent.  Instead, under a gratuity theory, the

9 Government must prove, as to Counts Five and Six, that Mr. Percoco solicited, demanded,

10 accepted, or agreed to accept a thing of value as a reward for some future or past official act.  As

11 to Counts Seven and Eight, under a gratuity theory, the Government must prove that Messrs.

12 Kelly, Aiello, or Gerardi gave, offered, or agreed to give a thing of value as a reward for some

13 future or past official act.  Under a gratuity theory, there must be a link between the thing of

14 value that was paid or received and a specific official act for which or because of which the thing

15 of value was paid or received.  Put differently, even under the gratuity theory, it is not sufficient

16 to show that a payment was given to Mr. Percoco or another just because he generally had

17 authority over matters in which the payer had an interest.  Instead, the Government must prove

18 that there was a link between the payment and a specific official act, but the link does not have to

19 be a quid pro quo.

20    Under the gratuity theory, if you find that Mr. Percoco solicited, demanded, accepted, or

21 agreed to accept a payment—or that Messrs. Kelly, Aiello, or Gerardi gave, offered, or agreed to

22 give a payment—as a reward for an official act that had already been completed, it does not

23 matter that the payment was solicited, demanded, accepted, offered, given, or agreed to be

24 accepted or given after the official act occurred.  Similarly, under this theory, if you find that the

1    payment was solicited, demanded, accepted, given, offered, or agreed to be accepted or given as

2    a reward for an official act that would be completed in the future, it does not matter that the

3    payment was solicited, demanded, accepted, given, offered, or agreed to be accepted or given

4    before the act was supposed to occur.

5          Again, remember that the term "official act" has a specific meaning that was previously

6    provided.  Those instructions apply here as well, as to both theories.

7          The Government can satisfy this element under either a bribery theory or a gratuity

8    theory.  It need not prove both.  You must, however, be unanimous on the same theory in order

9    to find that this element has been proven.

10          **5.        Element Five – Value of Transaction**

11          The fifth element is that the value of the business or transaction to which the corrupt

12   payment related was at least $5,000.

13          This element does not require the Government to prove that Mr. Percoco solicited or

14   accepted, or that Messrs. Kelly, Aiello, or Gerardi gave or offered, at least $5,000.  It is the value

15   of the business or transaction to which the payment related that is important for this element.

16          If you find that all of the required elements of this charge have been proven, beyond a

17   reasonable doubt, as to a particular Defendant, then you must find that Defendant guilty of that

18   charge.  On the other hand, if you find that any element has not been proven as to a particular

19   Defendant, then you must find that Defendant not guilty of that charge.

20          **I.        Counts Nine and Ten – False Statements**

21          Counts Nine and Ten charge Mr. Aiello and Mr. Gerardi, respectively, with making false

22   statements to federal agents and representatives of the United States Attorney's Office.

23   Specifically, these counts allege that on or about June 21, 2016, Mr. Aiello and Mr. Gerardi each

24   falsely denied being involved in making payments to Mr. Percoco.

1        To satisfy its burden of proof on these counts, the Government must prove, beyond a

2   reasonable doubt, the following elements:

3        First, that on or about June 21, 2016, the Defendant made a statement to a representative

4   of the United States Government in which he denied involvement in making payments to

5   Mr. Percoco;

6        Second, that the statement was material;

7        Third, that the statement was false, fictitious, or fraudulent;

8        Fourth, that the statement was made knowingly and willfully; and

9        Fifth, that the statement related to a matter within the jurisdiction of the United States

10  Government.

11              **1.       Element One – A Statement**

12       The first element is that the Defendant denied to representatives of the United States

13  Government his involvement in making payments to Mr. Percoco.

14              **2.       Element Two – Materiality**

15       The second element is that the Defendant's statement was material.  A statement is

16  material if it was capable of influencing the Government's decisions or activities.  The

17  Government does not need to prove that anyone actually relied on, made any decision, or took

18  any action based on the Defendant's statement.  This element requires only that the statement

19  was capable of influencing those decisions or activities.

20              **3.       Element Three – False, Fictitious, or Fraudulent Statement**

21       The third element is that the Defendant's statement was false, fictitious, or fraudulent.  A

22  statement is "false" or "fictitious" if it was untrue when it was made and if the person who made

23  the statement knew at that time that it was untrue.  A statement is "fraudulent" if it was untrue

1  when it was made and if it was made with the intent to deceive the government agency to which

2  it was made.

3           **4.      Element Four – Knowing and Willful Conduct**

4           The fourth element is that the Defendant acted knowingly and willfully when making the

5  statement.

6           As I have previously instructed, an act is done "knowingly" if it is done voluntarily and

7  on purpose, as opposed to by mistake or by accident.  An act is done "willfully" if it is done with

8  an intent to do something that the law forbids, that is, with a bad purpose to disobey or disregard

9  the law.

10          **5.      Element Five – Matter Within the Jurisdiction of the United States**
11                   **Government**

12          The fifth element is that the statement related to a matter within the jurisdiction of the

13  United States Government.  A statement is "within the jurisdiction of the United States

14  Government" if it concerns an authorized function of a department or agency of the United

15  States.

16          I instruct you that the Federal Bureau of Investigation and the United States Attorney's

17  Office are departments or agencies of the United States Government.

18          It is not necessary for the Government to prove that the Defendant knew that the

19  statement would be utilized in a manner that was within the jurisdiction of the United States

20  Government, so long as you find that the statement, in fact, related to a matter that was within

21  the jurisdiction of the United States Government.

22          If you find that all of the required elements of making a false statement have been

23  proven, beyond a reasonable doubt, as to a particular Defendant, then you must find that

1   Defendant guilty of that charge.  On the other hand, if you find that any element has not been

2   proven as to a particular Defendant, then you must find that Defendant not guilty of that charge.

3        **J.**        **Aiding and Abetting a Crime**

4        Count Two and Counts Five through Eight charge the Defendants both with committing

5   the charged crimes themselves and with aiding and abetting the commission of those crimes.

6        The aiding and abetting statute provides, in relevant part, that "[w]hoever commits an

7   offense . . . or aids, abets, counsels, commands, induces or procures its commission, is

8   punishable as a principal."  What that means is that, even if a particular Defendant did not

9   himself commit the crime with which he is charged, the Government may meet its burden of

10   proof by: (i) proving that another person actually committed the offense with which the

11   Defendant is charged; and (ii) proving that the Defendant aided or abetted that person in the

12   commission of the offense.  If you have found that the Government has satisfied its burden of

13   proof by proving that a Defendant himself committed the crime, then you should not consider

14   whether that Defendant also aided and abetted another in the commission of the crime.

15        In order to prove a Defendant guilty as an aider or abettor, the Government must prove

16   the following elements beyond a reasonable doubt:

17        <u>First</u>, that another person committed the crime you are considering (that is, that all of the

18   elements of the crime previously described were committed by someone).

19        <u>Second</u>, that the Defendant, knowing that such a crime was being committed,

20   intentionally associated himself with that crime.

21        To prove this element as to Counts Five through Eight, the Government must prove that

22   the Defendant associated himself with the crime with corrupt intent.  I instructed you as to the

23   meaning of "corrupt intent" in connection with Counts Five through Eight.

24        <u>Third</u>, that the Defendant intentionally took some action to make the crime succeed.

1    I have previously charged you on what it means to act knowingly and intentionally.

2    Please note, however, that the law does not permit guilt by association.  Therefore, the mere

3    presence of a Defendant in an area where a crime is being committed, even if coupled with

4    knowledge by the Defendant that a crime is being committed, is not sufficient to make the

5    Defendant guilty as an aider and abettor.  Such a Defendant would be guilty of the offense as an

6    aider and abettor only if, in addition to knowing of the criminal activity, he actually took actions

7    intended to make the crime succeed.

8    **K.    Venue**

9    In addition to proving the essential elements of each crime beyond a reasonable doubt,

10   the Government must also establish what is called "venue"—that is, that some act pertaining to

11   the charge occurred in the Southern District of New York.  The Southern District of New York

12   includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess,

13   Orange, and Sullivan Counties.

14   The Government does not have to prove that the complete crime was committed within

15   the Southern District of New York or that the Defendants were ever in the Southern District of

16   New York.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime

17   charged occurred in this District.  The act itself need not be a criminal act; it could include, for

18   example, meeting with others involved in the criminal scheme within this District.  And the act

19   need not have been taken by the Defendants, as long as the act was part of the crime that you

20   find that the Defendants committed.

21   Unlike the elements of the offenses that I have just discussed at length, each of which

22   must be proved beyond a reasonable doubt, the Government is required to prove venue only by a

23   preponderance of the evidence.  A preponderance of the evidence means that it is more probable

24   than not that some act in furtherance of the crime occurred in this District.

1    If you find that the Government failed to prove venue by a preponderance of the evidence

2    as to any count, you must return a verdict of not guilty as to that count.

3    **L.       Defenses to Intent**

4    Because criminal intent is required for every crime, it follows that good faith on the part

5    of a Defendant is a complete defense.  Good faith means having a state of mind that is honest and

6    absent of criminal intent.  A Defendant has no burden to establish the defense of good faith.  The

7    burden is on the Government to prove the criminal intent that was charged.

8    As to Counts One through Eight, it is not a defense that a Defendant was motivated by

9    both proper and improper motives.  If a Defendant acted, at least in part, with the requisite

10   criminal intent, that is sufficient.  On the other hand, if you find that a Defendant acted solely to

11   cultivate goodwill or to nurture a relationship with a person or entity—and not at all because of a

12   criminal intent—then that Defendant's criminal intent has not been proven.

13   Additionally, as to Counts One through Eight, it is not a defense that a person might have

14   performed the same actions or that the state may have made the same decision had there been no

15   corrupt payment or unlawful agreement.  It is also not a defense that any official action taken as

16   the result of a corrupt payment was only one step in a larger process.  Finally, it is not a defense

17   that the actions taken as the result of a corrupt payment were desirable or beneficial to the public.

18   These facts may, however, be relevant to your determination of whether a Defendant did or did

19   not act with the requisite criminal intent.

20   **M.      Acts and Statements of Co-Conspirators**

21   Counts One, Three, and Four charge criminal conspiracies.  Under the law, the acts and

22   statements of one member of a conspiracy are treated as the acts and statements of all other

23   members of the conspiracy, if the acts and statements are made during the existence of the

24   conspiracy and in furtherance of the goals of the conspiracy.

39

1        Therefore, if you find, beyond a reasonable doubt, that a Defendant was a member of one

2    of the conspiracies alleged in Counts One, Three, and Four, you may consider against that

3    Defendant acts and statements of other members of that conspiracy if they were (a) reasonably

4    foreseeable to the Defendant, (b) made during the existence of the conspiracy, and (c) made in

5    furtherance of the goal of the conspiracy.  You may consider these acts and statements against a

6    Defendant even if they were made in the Defendant's absence and without his knowledge.

7        Remember, however, that there are two different alleged conspiracies in this case.

8    Mr. Kelly is not alleged to have been a member of the alleged conspiracy involving COR

9    Development, and Messrs. Aiello and Gerardi are not alleged to have been members of the

10   alleged conspiracy involving CPV.

11       **N.      Financial Disclosure Forms, Ethics Rules, and Campaign Contributions**

12       You heard testimony regarding financial disclosure forms that Mr. Percoco filed under

13   state law.  You also heard testimony about New York State's ethics rules for government

14   employees, which include conflict-of-interest prohibitions, and about CPV's conflict-of-interest

15   policies.  No Defendant has been charged with a crime based on his non-compliance with state

16   ethics or financial disclosure rules or with CPV's conflict-of-interest rules.  You may not find a

17   Defendant guilty merely because you believe that he should have disclosed more or different

18   information on required forms or merely because you believe that he did not comply with

19   applicable ethics or conflict-of-interest rules.

20       If, however, you find that a Defendant knowingly did not disclose required information

21   on financial disclosure forms or knowingly did not comply with applicable ethics or conflict-of-

22   interest rules, you may consider that as evidence of the Defendant's state of mind.

23       You also heard some testimony about campaign contributions.  A person, including a

24   company, has the constitutional right to make campaign contributions to political candidates and

1    political organizations.  Contributors have the right to make contributions with the hope that the

2    candidate will support legislation or produce political outcomes that benefit the contributor.

3    Similarly, a politician has the right to receive contributions, including from people or entities that

4    hope the politician will enact laws helpful to them.  The Government does not allege that CPV's

5    or COR Development's campaign contributions were unlawful.  You may, however, consider the

6    contributions as evidence of the Defendants' state of mind.

7           **O.**    **Variance in Dates and Amounts**

8          The Indictment alleges that certain acts occurred on or about various dates or that certain

9    amounts of money were involved.  Unless I have instructed you otherwise, it does not matter if

10    the evidence you heard at trial indicates that a particular act occurred on a different date or that

11    an amount of money was different from what is charged in the Indictment.  The law requires

12    only a substantial similarity between the dates and amounts alleged in the Indictment and the

13    dates and amounts established by the evidence.

14           **P.**    **Law Enforcement Techniques**

15          You have heard references in this case that certain investigative techniques or methods of

16    evidence collection were or were not used by the Government.  You may consider these facts in

17    deciding whether the Government has met its burden of proof, but the Government and its

18    techniques are not on trial.  There is no legal requirement that the Government use any particular

19    investigative technique to prove its case.

20    **IV.**    FINAL INSTRUCTIONS

21           **A.**    **Right to See Exhibits and Hear Testimony; Communications with the Court**

22          You are about to begin your deliberations.

23          We will send the Indictment and all of the exhibits that were received in evidence into the

24    jury room for your use during deliberations.  If you want any further explanation of the law or if

1   you want to hear any testimony read back, you may request that.  If you ask for any testimony to

2   be reread, please be as specific as possible so that we can identify exactly what you want read

3   and not waste time reading testimony that you do not want to hear.  If there is any doubt or

4   question about the meaning of any part of the instructions that I have given you, you should not

5   hesitate to send me a note asking for clarification or for further explanation.

6           It is very important that you not communicate with anyone outside the jury room about

7   your deliberations or about anything touching on this case.  There is only one exception to this

8   rule.  If it becomes necessary during your deliberations to communicate with me, you should

9   send me a note, in writing, signed by your foreperson, and give it to the Marshal, who will be

10  available outside the jury room throughout your deliberations.

11          No member of the jury should ever attempt to communicate with me except by a signed

12  writing, and I will never communicate with a member of the jury on any subject touching on the

13  merits of the case other than in writing or orally here in open court.  If you send any notes to the

14  Court, do not disclose anything about your deliberations.  Specifically, do not disclose to

15  anyone—not even to me—how the jury stands, numerically or otherwise, until after you have

16  reached a unanimous verdict or have been discharged.

17          **B.      Notes**

18          Some of you have taken notes throughout this trial.  I want to emphasize to you that notes

19  are simply an aid to memory.  Your notes may not be given any greater weight or influence in

20  the determination of the case than the recollections of other jurors.  Any difference between a

21  juror's recollection and another juror's notes should be settled by asking to have the court

22  reporter read back the transcript, because it is the court record that the jury must rely on when

23  making a determination of the facts and rendering a verdict.

1    **C.      Duty to Deliberate / Unanimous Verdict**

2    You will now retire to decide your verdict.  As I have already explained, for the

3    Government to prevail as to a particular charge against a particular Defendant, the Government

4    must prove each essential element of the charge beyond a reasonable doubt.  If the Government

5    carries its burden, you must find that Defendant guilty of that count.  Otherwise, you must find

6    that Defendant not guilty of that count.

7    Your verdict must be unanimous.  Each juror is entitled to his or her opinion, but you are

8    also required to exchange views with your fellow jurors.  That is the very essence of jury

9    deliberation.  If you have a point of view and after discussing it with other jurors it appears that

10   your own judgment is open to question, then of course you should not hesitate to yield your

11   original point of view if you are convinced that the other view is one that satisfies your judgment

12   and conscience.  Do not give up a point of view that you conscientiously believe simply because

13   you are outnumbered.  You should vote with the others only if you are convinced on the

14   evidence, the facts, and the law that it is the correct way to decide the case.  After any breaks or

15   when you arrive in the morning if your deliberations last more than one day, do not begin to

16   discuss the case until all jurors are present.

17   **D.      Selecting a Foreperson and the Foreperson's Duties**

18   The first thing you should do when you retire to deliberate is to select one of you to act as

19   your foreperson.  Traditionally, Juror #1 is the foreperson, but that is only tradition.  You are free

20   to select any of your members as your foreperson.

21   **E.      Verdict Form and Return of Verdict**

22   Once you have reached your verdict, you must record it on the verdict form that I have

23   prepared for you.  The foreperson should fill in the verdict sheet, date it, and sign it.  The

24   foreperson should then give a note to the Marshal outside your door stating that you have

43

1  reached a verdict.  Do not specify what the verdict is in the note.  The foreperson should keep the

2  verdict sheet until I ask for it.  You must all be in agreement with the verdict that is announced in

3  court.

4  **F.**     **Exceptions**

5  Please remain seated while I confer with the attorneys.

6  (Confer at sidebar)

7  (Swear the Marshal)

8  **G.**     **Oath**

9  I remind you that at the very beginning of the case you took an oath.  Your oath sums up

10  your duty.  You must well and truly try the matters in issue and render a true verdict according to

11  the law and the evidence.

12  #                         #                         #

13  You may now retire to the jury room and begin your deliberations.