*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 5, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Alain Kaloyeros, et al.*, S2 16 Cr. 776 (VEC)

Dear Judge Caproni:

      The Government respectfully writes in opposition to defendants Steven Aiello and Joseph Gerardi's attempt to revive their motion to sever their charges from those of their co-defendants Alain Kaloyeros and Louis Ciminelli (Dkt. No. 702), which the Court previously denied in its Order dated December 11, 2017 (*See* Dkt. No. 390 ("Order"), at 26).

      In their pretrial motion, Aiello and Gerardi moved for severance on the ground that the indictment did not sufficiently allege a single conspiracy involving themselves, Kaloyeros, and the Buffalo defendants, and, as a result, evidence related to the Buffalo defendants would expose them to the risk of unfair spillover prejudice. (Dkt. No. 237 ("Syracuse Pretrial Mot."), at 42-45.) Aiello and Gerardi made that argument even though the indictment expressly charged them in a single conspiracy (Count One) and alleged that they exchanged ideas with their co-defendants and Todd Howe about potential qualifications to use to tailor the requests for proposals ("RFPs"). (*See* S1 Indictment ¶ 24; S2 Indictment ¶ 24.) The Court denied the severance motion because the indictment "alleges a conspiracy involving all six defendants who are in the [June] Trial Group, and litigating the allegations related to each RFP will involve a substantial overlap of testimony and evidence at trial." (Order at 26.)

      Nothing has changed since the Court's Order. Nevertheless, Aiello and Gerardi now retread their incorrect arguments in an effort to relitigate their unsuccessful severance motion. None of their contentions has merit. *First*, they argue that the Government will not be able to prove that they colluded with Ciminelli and Kevin Schuler without Howe's testimony. They are wrong. As the Government explained in its opposition to the defendants' pretrial motions, the documentary evidence shows that Aiello and Gerardi received qualifications from LPCiminelli, and vice versa. (Dkt. No. 264 ("Gov. Pretrial Opp."), at 88 n.30.) The Government also expects that its cooperating witness, Schuler, will testify that, among other things, he knew Howe also worked for Aiello and Gerardi on Fort Schuyler-related matters. *Second*, Aiello and Gerardi contend that Schuler's testimony about his involvement in the scheme to defraud Fort Schuyler will result in unfair "spillover" prejudice against them. This argument misses the mark because Aiello and Gerardi are charged with participating in the same wire fraud conspiracy as Schuler.

Consequently, Schuler's testimony will establish the existence of that conspiracy and will be direct evidence against Aiello and Gerardi. In any event, "[t]o the extent that there might be spillover prejudice from evidence against some but not all of these Defendants, limiting instructions will guide the jury in its consideration of the charges and evidence thereof." (Order at 26.)  *Third*, Aiello and Gerardi point out that they are charged in a different substantive wire fraud count than Ciminelli. This same argument failed to carry their pretrial motion (*see* Syracuse Pretrial Mot. at 45), and it is no more persuasive a year later. Indeed, as the Government explained in its pretrial opposition, "it is firmly established in this Circuit that an indictment count may allege a conspiracy to commit multiple crimes." *United States v. Trippe*, 171 F. Supp. 2d 230, 238 (S.D.N.Y. 2001). (*See* Gov. Pretrial Opp. at 80-82.)[1]

Accordingly, it remains "abundantly clear that these Defendants should be tried together." (Order at 26.)  Aiello and Gerardi's severance motion should again be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: /s/
Robert Boone
David Zhou
Matthew Podolsky
Assistant United States Attorneys
(212) 637-2208/2438/1947

cc: Counsel for all defendants (via ECF)

---

[1] Aiello and Gerardi's observation that the Government has, to date, marked more exhibits related to Kaloyeros and Ciminelli has no relevance to the issues of whether Aiello and Gerardi are charged in the same conspiracy as their co-defendants (which they are) and are therefore properly joined in the same trial (which they are).