```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : **STIPULATION AND ORDER OF SETTLEMENT AS TO SUBSTITUTE ASSETS**

    - v. - :

JOSEPH GERARDI, : S2 16 Cr. 776 (VEC)

    Defendant. :

- - - - - - - - - - - - - - - X

WHEREAS, on September 19, 2017, JOSEPH GERARDI, the defendant (the "Defendant"), was charged in a superseding Indictment, S2 16 Cr. 776 (VEC) (the "Indictment") with, among other things, one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One) and one count of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses alleged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount

of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on July 12, 2018, the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment;

WHEREAS, on December 6, 2018, the Defendant was sentenced and ordered to forfeit the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about February 11, 2019, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment imposing a forfeiture money judgment against the Defendant in the amount of $898,954.20 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained;

WHEREAS, pursuant to the Consent Preliminary Order of Forfeiture/Money Judgment, the Defendant agreed to make payment of the Money Judgment by 30 days after the mandate of the United States Court of Appeals for the Second Circuit is issued;

WHEREAS, the mandate of the United States Court of Appeals for the Second Circuit was issued on or about December 14, 2021, and therefore 30 days after the issuance of the mandate occurred on or about January 13, 2022;

WHEREAS, by Order dated January 12, 2022, the Court granted the Defendant an extension until February 14, 2022 to satisfy the Money Judgment;

WHEREAS, the Defendant has requested additional time to satisfy the Money Judgment;

WHEREAS, pursuant to Title 21, United States Code, Section 853(p), the Government is entitled to forfeit other property of the Defendant up to the amount of the Money Judgment;

WHEREAS, the Defendant and his wife, Laurie R. Gerardi, possess, in the name of Laurie R. Gerardi, real property located at 144 Sawmill Way, Long Lake, New York 12847 (the "Long Lake Property"), which the parties agree is subject to forfeiture as substitute assets in order to satisfy an outstanding Money Judgment; and

WHEREAS, the Government, the Defendant, and Laurie R. Gerardi have agreed to resolve their respective claims to those assets and satisfy the Money Judgment on the terms set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney, Damian Williams, United States Attorney, Assistant United States Attorneys Janis Echenberg and Matthew Podolsky, of counsel, and the Defendant,

Joseph Gerardi, and the Defendant's wife, Laurie R. Gerardi, and the Defendant's counsel, Alexandra Shapiro, Esq. that:

    1. The Defendant shall satisfy the Money Judgment by 150 days after the issuance the mandate of the United States Court of Appeals for the Second Circuit, which was on December 14, 2021;

    2. The Defendant and Laurie R. Gerardi (together, the "Gerardis") shall not sell, transfer, or encumber the Long Lake Property prior to payment of the Money Judgment in full without the prior written authorization of the Government, except as provided in paragraph 3 below. The government shall not unreasonably withhold such authorization. Should the Gerardis sell, transfer, or encumber the Long Lake Property with the Government's authorization prior to payment of the Money Judgment in full, the Gerardis shall pay any balance remaining on the Money Judgment to the United States from the proceeds of any sale, transfer or encumbrance of the Long Lake Property prior to making any other distribution of such proceeds. Such payment shall be made at either the time of closing of the sale or transfer in the manner directed by counsel for the Government.

    3. The Gerardis shall not incur any obligations secured by the Long Lake Property after the date of the entry of this Stipulation and Order, without the prior written

4

authorization of the Government. However, notwithstanding anything else in this Stipulation and Order, the Gerardis are permitted to refinance, obtain a home equity line of credit ("HELOC"), or obtain a home equity loan using the Long Lake Property as collateral, provided that the Gerardis pay any balance remaining on the Money Judgment to the United States from the proceeds prior to making any other distribution of such proceeds.

4. The Gerardis shall maintain the Long Lake Property at their expense in the same, or better, condition and repair as of the date of this Stipulation and Order. The term "maintain" shall include, but not be limited to, keeping the Long Lake Property free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the Long Lake Property clean and performing necessary sanitation and waste removal; maintaining the Long Lake Property and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance. The Gerardis shall maintain casualty and fire insurance equal to the full replacement cost of the Long Lake Property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from the use of the property, or activities or conditions thereon.

The Gerardis shall also timely pay any and all mortgage, home equity loan, rent utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on the Long Lake Property. Moreover, the Gerardis shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or stipulations or conditions pertaining to the care, maintenance, control and use of the Long Lake Property.

5. If the Defendant fails to pay the Money Judgment in full by 150 days after the issuance of the mandate, the Gerardis consent to the following:

a. The Long Lake Property shall be sold by the United States Marshals Service (the "Marshals") (or its designee), and the unpaid portion of the Money Judgment shall be forfeited as a substitute asset from the net proceeds of that sale.

b. The Gerardis shall expeditiously execute any and all paperwork and fulfill any other requirements in furtherance of a Marshals sale of the Long Lake Property, including vacating the Long Lake Property within 90 days after failure to satisfy the Money Judgment.

c. The Gerardis shall not file any petition or claim as to the portion of the net proceeds of the Marshals sale

6

equal to the unpaid balance of the Money Judgment, or assist any other person in doing so.

   d. The net proceeds of the sale of the Long Lake Property shall include all amounts received from the sale of the Long Lake Property after payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, reasonable real estate attorney's fees, if any, associated with the Marshals' sale, and any and all expenses, if any, incurred by the Marshals or designees in connection with the custody, maintenance and sale of the Long Lake Property.

   e. If the net proceeds of the Long Lake Property are greater than the unpaid balance of the Money Judgment at the time of the sale, the excess proceeds shall be transferred by the Marshals to the Gerardis in the manner directed by the Defendant's counsel.

  6. Except as set forth in Paragraph 5, the Government shall not take any action to seize or forfeit the Long Lake Property.

  7. Until the Money Judgment is fully paid, the United States Marshals Service or its designees shall have the right to enter and inspect the Long Lake Property, upon 72 hours advance notice to the Defendant's attorney, in order to ensure

7

compliance with this Stipulation and Order of Settlement. The Gerardis shall fully cooperate with any persons and entities designated by the Marshals to inspect the Long Lake Property.

8. The Gerardis are barred from asserting, or assisting others in asserting, any claim against the Government, including the Department of Justice, the United States Attorney's Office for the Southern District of New York, and the United States Marshals Service, and all employees, officers, and agents of the Government, in connection with the sale of the Long Lake Property pursuant to this Order.

9. Notwithstanding anything else in this Stipulation and Order, if as a result of further proceedings in the United States Supreme Court the convictions of Defendant Joseph Gerardi on Counts One and Two are reversed or vacated, the government shall have no entitlement to forfeiture against him based on those convictions. Accordingly, the Money Judgment shall be void, all restrictions on the Long Lake Property shall be lifted, and the government shall return to Joseph Gerardi any portion of the Money Judgment paid.

10. The Court shall retain jurisdiction to enforce this Stipulation and Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

11. Each party shall bear its own costs and attorney's fees.

12. The Clerk of the Court shall forward three certified copies of this Stipulation and Order to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

13. The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the

same instrument. Signature pages may be by email or fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  2/3/22
JANIS ECHENBERG                       DATE
MATTHEW PODOLSKY
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
Tel.: (212) 637-2597/1947


By: _____  1.25.22
JOSEPH GERARDI                        DATE

By: _____  1.25.22
LAURIE R. GERARDI                     DATE

By: _____  1/25/22
ALEXANDRA SHAPIRO, ESQ.               DATE
Shapiro Arato Bach LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
Counsel for Joseph Gerardi

SO ORDERED:

_____        2/3/2022
HONORABLE VALERIE E. CAPRONI          DATE
United States District Judge

10