**MEMO ENDORSED**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, NY 10278*

December 16, 2025

**BY ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2025

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *United States v. Joseph Gerardi*, S5 16 Cr. 776 (VEC)

Dear Judge Caproni:

The parties respectfully submit this joint letter to advise the Court that the Government and defendant Joseph Gerardi have reached a pretrial disposition. The parties seek to have the defendant plead guilty pursuant to the attached plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, to be charged in the attached Superseding Information (the "Information"). The parties request that the Court accept the plea agreement and schedule a combined waiver of indictment, change of plea, and sentencing hearing on December 17, 2025, at 3:00 p.m.

Rule 11(c)(1)(C) provides, in relevant part, that the defendant and the Government may "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The Rule provides that "such a recommendation or request binds the court once the court accepts the plea agreement." *Id.*

The defendant was first charged in this case on September 20, 2016. (Dkt. 1). On July 12, 2018, the defendant was found guilty after a jury trial of Counts One, Two, and Sixteen of Superseding Indictment S2 16 Cr. 776 (VEC) (the "Indictment"), which charged the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, wire fraud, in violation of 18 U.S.C. § 1343, and making false statements, in violation of 18 U.S.C. § 1001. (Dkt. 785). On December 6, 2018, the defendant was sentenced to 30 months' imprisonment, to be followed by two years of supervised release, and a $500,000 fine.[1] (Dkt. 945). The Court also entered an order requiring the defendant to forfeit $898,954.20. (Dkt. 982). The defendant had served approximately four-and-a-half months of his sentence of imprisonment when this Court granted the defendant bail pending appeal following the United States Supreme Court's grant of a writ of certiorari in *Ciminelli v. United States*, No. 21-1170. (Dkt. 1045). The Supreme Court subsequently vacated the defendant's convictions on Counts One and Two, *Aiello v. United States*, 143 S. Ct. 2491 (2023), and the United States Court of Appeals for the Second Circuit later remanded the case to this Court for further proceedings with respect to Counts One and Two, and

---

[1] The defendant's Guidelines range was 4 to 10 months' imprisonment. (Dkt. 956 at 12).

affirmed the defendant's separate conviction for making false statements, *United States v. Aiello*, 118 F.4th 291, 303-07 (2d Cir. 2024).

The sentence proposed by the parties in the attached plea agreement with respect to Count One of the Information, pursuant to Rule 11(c)(1)(C), is a specific sentence of time served, with no term of supervised release to follow, and a $250,000 fine. The defendant has also agreed to the entry of a forfeiture order in the amount of $898,954.20. With respect to Count Sixteen of the Indictment (which is not subject to Rule 11(c)(1)(C) because the conviction was obtained at trial), the parties have agreed in the attached plea agreement to jointly propose that the Court, in its discretion, impose a sentence of time served, with no term of supervised release to follow, and a fine of $250,000 (which the defendant has already paid). The parties jointly request that the Court accept the plea agreement because it is a fair disposition that would provide for the defendant's acceptance of responsibility, result in a sentence within the applicable Guidelines range of 0 to 6 months' imprisonment, and promote the interests of justice and finality for the victim non-profit entity, which does not object to a pretrial disposition. The parties also respectfully submit that the proposed disposition is efficient in light of the Court and juror time and resources that would be needed in any retrial of the defendant. The sentence proposed by the parties also would appropriately balance the factors set forth in 18 U.S.C. § 3553(a). The defendant's admission of guilt and the resulting felony conviction for a federal fraud offense, the imposition of significant financial penalties (a $250,000 fine on Count One of the Information and nearly $900,000 in forfeiture), the time already served of four-and-a-half months of imprisonment, and the more than nine years the defendant has served under the supervision of Pretrial Services without incident are sufficient in these particular circumstances to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. *See* 18 U.S.C § 3553(a)(2)(A) and (B). The parties' proposed sentence does not include any period of supervised release in light of the substantial term of pretrial supervision already served, and without incident.

For these reasons, the parties respectfully request that the Court accept the attached plea agreement and schedule a hearing at which the defendant will waive indictment, plead guilty pursuant to the plea agreement, and be sentenced.

The parties must appear before the Court for a change of plea hearing on **Wednesday, December 17, 2025, at 3:00 p.m.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007.

At this hearing, the parties must be prepared to discuss the Court's legal authority to "resentence" (*see* Dkt. 1105-2 at 2) Mr. Gerardi on Count Sixteen.

SO ORDERED.                    12/16/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:____/s/ Robert B. Sobelman_____
     Lara Pomerantz
     Robert B. Sobelman
     Assistant United States Attorneys
     (212) 637-2343/2616

Cc: Milton L. Williams, Esq. (by ECF)